IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIUS JONES, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. CIV-07-1290-D |
| | ) |
| MARTY SIRMONS, Warden | ) |
| Oklahoma State Penitentiary, | ) |
| | ) |
| Respondent. | ) |

**MOTION FOR APPOINTMENT OF INVESTIGATOR
AND BRIEF IN SUPPORT**

Julius Jones, through counsel, moves that an investigator be appointed to assist counsel in developing one of the issues to be presented in Mr. Jones's petition for writ of habeas corpus. Mr. Jones is a death-sentenced inmate incarcerated at the Oklahoma State Penitentiary in McAlester, Oklahoma.

The issue requiring investigation is ineffective assistance of trial counsel. In particular, the investigation would be aimed at showing there is substantial factual support for the claim that trial counsel failed to investigate and adequately present evidence that co-defendant Christopher Jordan, and not Mr. Jones, committed the homicide.

The defense requests funds in the amount Four Thousand Dollars ($4,000.00) to employ investigator Sara Bonnell to locate and interview witnesses in support of the claim that trial counsel was ineffective in marshaling evidence pointing toward Christopher Jordan. The request is that Ms. Bonnell be paid at the rate of Fifty Dollars ($50.00) per hour for up to eighty (80) hours of investigative services.

Ms. Bonnell is a licensed investigator and licensed attorney who offices in Purcell and

who has prior experience in capital litigation and investigation.

**BRIEF IN SUPPORT**

The ineffective assistance claim which counsel proposes to investigate is one which was raised on both direct appeal and in state post-conviction proceedings. The claim has been preserved and is exhausted.

Investigation regarding Mr. Jordan also has the potential of providing support for an actual innocence claim. An innocence claim is cognizable, if facts arise to support it, despite there not being a prior claim denominated as an innocence claim . **Schlup v. Delo,** 513 U.S. 298 (1995).

On direct appeal, Mr. Jones alleged several defects in the performance of trial counsel, including trial counsel's failure to present the testimony of Emmanuel Littlejohn.

Mr. Littlejohn would have testified that co-defendant Jordan, while in Oklahoma County jail, admitted that it was Jordan who committed the homicide. Mr. Jordan, according to Littlejohn, said that Julius Jones was not involved at all. Jordan allegedly bragged that he hid the gun in the attic of Jones's parents' house to aid in casting blame toward Jones and away from Jordan. See **Jones v. State,** 128 P.3d 521, 546 (Okl. Cr. 2006).

In the state post-conviction application, the defense alleged that an additional person, Christopher Berry, would have testified that Jordan admitted being the person who shot Paul Howell. The ineffective assistance claims regarding Littlejohn and Berry were rejected because the Oklahoma Court of Criminal Appeals did not perceive sufficient credibility and reliability in the statements.

Counsel is informed that there are additional persons besides Littlejohn and Berry who have heard Jordan mention that Jordan shot Howell.  Persons who may have knowledge of Mr. Jordan's activities around the time of the homicide and persons who have had conversations with Jordan should be contacted.

Aside from the information from Littlejohn and Berry, there were already reasons to question whether Julius Jones could have been the shooter.  Megan Tobey, an eyewitness to the shooting, described the gunman as having hair which protruded, in the vicinity of the gunman's ears, about a half inch from a stocking cap. (Trial transcript, Volume 4, page 117)

At the time of his arrest, co-defendant Jordan had hair in corn rows. On the other hand, Julius Jones's hair was very short both before and after his arrest.  Jones did not have enough hair for a half inch to be observed emerging from the cap.  (Trial Transcript, Volume 9, pages 28-29)

Thus, there is factual support from  witness Tobey, the sister of shooting victim Howell, that provides additional support for the idea that Jordan committed the shooting, then decided to testify against Jones to eliminate the possibility of Jordan's execution.

In light of the potential that the real killer has perpetrated a fraud against the court and his co-defendant to remove himself from the possibility of a potential death sentence, an investigation should be undertaken to determine if there is evidence more reliable than that of Littlejohn and Berry  which is available and which should have been presented to Mr. Jordan's jury.

Appointment of an investigator is authorized under, 18 U.S.C. § 3599(f), which provides in part:

> Upon a finding that investigative, expert, or other services are reasonably

necessary for the representation of the defendant, whether in connection with issues relating to the guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant, and if so, shall order the payment of fees and expenses therefor under subsection (g).

Appointment of an investigator is required under **Bracy v. Gramley,** 520 U.S. 899 (1997). In that case, the Supreme Court, in the context of a request for discovery, stated that where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is .... entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." **Id.** at 908-09, quoting **Harris v. Nelson,** 394 U.S. 286, 295 (1969).

## CONCLUSION

The appointment of an investigator is warranted under the law and the facts. It is therefore requested that this motion for investigative assistance be granted.

> Respectfully submitted,
>
> /s/ Mark Barrett
> MARK BARRETT, OBA # 557
> P.O. Box 896
> Norman, OK 73070
> 405-364-8367; 405-366-8329(fax)
> barrettlawoffice@gmail.com
> ATTORNEY FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant: Jennifer L. Strickland, Assistant Attorney General, whose service email is fhc.dcoket@oag.state.ok.us.

> /s/ Mark Barrett
> MARK BARRETT