IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIUS JONES, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. CIV-07-1290-D |
| | ) |
| MARTY SIRMONS, Warden | ) |
| Oklahoma State Penitentiary, | ) |
| | ) |
| Respondent. | ) |

PETITIONER S MOTION
FOR EVIDENTIARY HEARING
AND BRIEF IN SUPPORT

Julius Jones, through counsel, moves that the Court order an evidentiary hearing. An evidentiary hearing is necessary to resolve these issues:

(1) trial counsel s ineffectiveness in failing to produce evidence supporting the point of view that co-defendant Christopher Jordan was the person who killed Paul Howell and evidence supporting the point of view that witness Ladell King was an accomplice of Jordan;

(2) trial counsel s ineffectiveness in failing to adequately impeach the testimony of Christopher Jordan.

**A. Relevant Facts**

Megan Tobey, eyewitness and sister of homicide victim, Paul Howell, saw the man who shot her brother. That man was wearing a stocking cap with about a half inch of hair protruding from each side of the cap. (Tr. IV 117). The person with hair sticking out

1

could have been Christopher Jordan, see Appendices 1 and 2 to Petition for Writ of Habeas Corpus, but could not have been Petitioner Jones. See Appendices 3 and 4 to Petition for Writ of Habeas Corpus.

The photograph which is Appendix 4, taken a few days prior to the time of the homicide, would have disproved the prosecution's theory that Mr. Jones had fairly long hair when the shooting occurred and then cut it between the time of the homicide and the time of arrest.

Although there were witnesses claiming Mr. Jones made incriminating statements regarding the Howell shooting, all were either Mr. Jordan, Ladell King, or associates of Ladell King. Mr. King admitted to having been part of a plan to sell a stolen vehicle, but denied being part of the particular stolen-vehicle plan that resulted in Mr. Howell's death. However, Eckie Prater witnessed a man apparently matching King's description (large person half a head higher than Jordan)(Tr. IV 85), with Jordan on the morning of the homicide. In addition to Mr. Prater's testimony appearing to coincide with a description of King, it calls into question the accuracy of Jordan's testimony.

In one of Christopher Jordan's pretrial statements, Mr. Jordan changed his story on at least eight significant occasions. Pages 19-22 of Petition for Writ of Habeas Corpus. The pattern was that when police could detect Jordan's prevarications, Jordan would change his account to adopt what the officers already knew.

**B.  Evidentiary Hearing Background**

Although an evidentiary hearing was conducted while the case was pending on direct appeal with the Court of Criminal Appeals, that case focused on an issue different from the ones which are the subject of this motion for evidentiary hearing.  Mr. Jones requested a comprehensive hearing on ineffective assistance of counsel, but, as the Court of Criminal Appeals noted, received a hearing on only one aspect of ineffective assistance:

> In Proposition Eight, Jones complains he was denied his right to effective assistance of trial counsel guaranteed by the Sixth Amendment to the United States Constitution and corresponding provisions of the Oklahoma Constitution.  Jones cites several instances of allegedly deficient performance in the guilt-innocence phase of the trial as well as the capital sentencing phase of the trial.  Jones also timely filed a motion to supplement the appeal record with information supporting his ineffective-counsel claims, and requested an evidentiary hearing thereon. See Rule 3.11, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 188 App. (2003).  We granted the motion to supplement and remanded the case to the district court for an evidentiary hearing on only one of the issues raised by Jones.

**Jones v. State,** 128 P.3d 521, 545 (Okla. Crim. 2006).

The district judge in state court then made findings regarding whether or not trial counsel was ineffective for failing to present an alibi defense.   Findings of Fact and Conclusions of Law by Honorable Jerry D. Bass, filed in Oklahoma County District Court and in Oklahoma Court of Criminal Appeals on April 22, 2005.

Thus, although Mr. Jones requested hearing on the issue of the failure to present evidence of Christopher Jordan confessions, hearing was not presented on that portion of the ineffective assistance of counsel claim.

As indicated above, the prior evidentiary hearing focused on the failure to present

an alibi defense, not on either (1) the guilt of Christopher Jordan and Ladell King or (2) the failure to demonstrate the falsity of Jordan's testimony against Jones.

### BRIEF IN SUPPORT

The hair evidence is but one aspect of the evidence pointing toward Christopher Jordan. There is evidence that Jordan confessed, see Appendices 5 and 6 of the Petition for Writ of Habeas Corpus, evidence that Jordan was lying repeatedly regarding the events surrounding the homicide, and DNA evidence connecting Jordan with a bandana. (Tr. IX 214-15)

Although trial counsel brought out some of the inconsistencies in Jordan's statements and presented evidence that Mr. Jones had short hair, trial counsel did not present the photo showing the short hair predated the homicide, did not present the persons who would have testified Jordan confessed to them and did not show the entire impact of Jordan's prevarications: Jordan continually was trying to minimize his own involvement, would change only when he was caught in a lie, then would minimize his involvement to the extent possible again, and modify only as was necessary to comport with the facts police told Jordan they knew.

As lead trial counsel has acknowledged, Appendix 8 to Petition for Writ of Habeas Corpus, a better performance in bringing out evidence pointing toward Jordan and Ladell King and a better job of impeaching Jordan may well have made a difference in the outcome of the trial.

Fact-finding is necessary to determine the full impact of the photos, the confessions, the impeaching evidence, and other related material on the case.

Evidentiary hearings are necessary in federal habeas actions when fact-finding is necessary to resolve issues and the required fact-finding has not been conducted in state court.  See **Townsend v. Sain,** 372 U.S. 293, 313 (1963) **overruled in part on other grounds, Keeney v. Tamayo-Reyes,** 504 U.S. 1, 5 (1992).  **Accord, Williams v. Taylor,** 529 U.S. 420 (2000).

In the present case, there was an evidentiary hearing in state court, but that hearing reached only the limited issue of failure to present an alibi defense.  The issues addressed here have not been subjected to the necessary fact-finding.

Evidentiary hearings on ineffective assistance claims are needed where, as in Petitioner Jones s case, the facts asserted by Petitioner would entitle him to relief.  **Beavers v. Saffle,** 216 F.3d 918, 925 (10th Cir. 2000).

In Mr. Jones s case, the law and facts support granting an evidentiary hearing on the issues of (1) ineffectiveness in producing evidence pointing toward Jordan and King and (2) ineffectiveness in impeaching Jordan .

        Respectfully submitted,

        /s Mark Barrett
        MARK BARRETT, OBA # 557
        P.O. Box 896
        Norman, OK 73070
        405-364-8367; 405-366-8329(fax)
        barrettlawoffice@gmail.com

ATTORNEY FOR PETITIONER

## CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of December 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant: Jennifer L. Strickland, Assistant Attorney General, whose service email is fhc.dcoket@oag.state.ok.us.

/s/ Mark Barrett