## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JULIUS JONES,                          )
                                       )
                    Petitioner,        )
                                       )
        -vs-                           )        Case No. CIV-07-1290-D
                                       )
RANDY WORKMAN[1], Warden,              )
                                       )
                    Respondent.        )

## RESPONSE IN OPPOSITION TO MOTION FOR EVIDENTIARY HEARING

The Attorney General of the State of Oklahoma, W.A. Drew Edmondson, appearing

on behalf of the above-named Respondent submits the following response in opposition to

Petitioner's motion for an evidentiary hearing.  See Doc. 26.  Petitioner requests an

evidentiary hearing regarding three of the subpropositions in his first ground for relief.

Specifically, Petitioner believes an evidentiary hearing is necessary on the issue of trial

counsel's failure to use available evidence to establish that Petitioner's hair was too short for

him to have been the person who shot Paul Howell, failing to argue that Ladell King fit the

description given by witness Eckie Prater of the individual who was with Christopher Jordan

when he was apparently looking for a Suburban to steal earlier in the day on July 28, 1999,

and  failing to adequately impeach Mr. Jordan's trial testimony.  Doc. 26.  As to these claims,

an evidentiary hearing would clearly be inappropriate.

---

[1]At the time of the filing of the petition, Marty Sirmons was the warden of the
Oklahoma State Penitentiary.  However, Randy Workman has since assumed that office.
According to Fed. R. Civ. P. 25(d)(1), Mr. Workman is automatically substituted as a party.

Petitioner is not entitled to an evidentiary hearing on these claims because, as was pointed out in the response to Petitioner's petition, these three claims are unexhausted and would be procedurally barred if he tried to return to state court to exhaust them.  Doc. 25, pages 9-12.  Petitioner has failed to allege cause and prejudice to excuse his fault, or that this Court's refusal to entertain the merits of his claims would result in a fundamental miscarriage of justice.  Due to Petitioner's procedural default, these claims should not be considered by this Court.  As such, there is no need for an evidentiary hearing.

Further, the AEDPA makes plain that "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the [federal] court shall not hold an evidentiary hearing on the claim unless [two prerequisites are met]."  28 U.S.C. § 2254(e)(2).  Those prerequisites are that (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review, or on a factual predicate that could not have been discovered with due diligence and (2) the facts underlying the claim would show by clear and convincing evidence that absent the alleged constitutional error no reasonable finder of fact would have found the petitioner guilty of the underlying offense.  Id.

Petitioner sought an evidentiary hearing with respect to his ineffective assistance of counsel claims on direct appeal.  DA Brief; Rule 3.11 Motion on DA.  However, as was discussed in ground I of the response, Petitioner has never presented his current complaints against counsel to the OCCA.  Doc. 25, pages 9-12.  Accordingly, Petitioner has failed to develop the factual basis for his claims in state court.  See Wilson v. Sirmons, 536 F.3d 1064,

1079 (10th Cir. 2008) (stating that in order to obtain an evidentiary hearing, the petitioner must show that he diligently sought to develop the factual basis underlying his claims in state court).  Thus, Petitioner must demonstrate that his claims rely on a new rule of law or new facts that could not have been discovered with due diligence and that the facts underlying the claim would show by clear and convincing evidence that if not for the alleged constitutional error no reasonable finder of fact would have found him guilty.

Petitioner's claims do not rely on new law or new facts.  In fact, Petitioner's claim is based on the fact that the evidence trial counsel did not use was available to him.  Doc. 22, pages 9, 12-22.  Petitioner has failed to make the requisite showings.  As such, Petitioner is not entitled to an evidentiary hearing.

Even assuming that the AEDPA does not apply, Petitioner is still not entitled to an evidentiary hearing.  The Supreme Court has held that "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."  Schriro v. Landrigan, 550 U.S. 465, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007).  A federal habeas court must also take into account the deferential standards of the AEDPA in deciding "whether an evidentiary hearing is appropriate."  Id. Moreover, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief," an evidentiary hearing is not required.  Id.; see also Anderson v. Attorney General of Kansas, 425 F.3d 853, 858-59 (10th Cir. 2005).

The evidence overwhelmingly establishes that Petitioner shot Mr. Howell.  See Doc. 25 at 20-21.  In addition, Petitioner's trial attorney did suggest to the jury that Petitioner's hair was too short and that Petitioner did not fit the description given by Mr. Prater.  Trial Tr. IV 85, 117; Trial Tr. X 98, 100-101, 104, 114, 115, 119.  In addition, regarding defense counsel's cross-examination of Mr. Jordan, the OCCA found that

> Counsel did cross-examine Jordan at length, pointing out inconsistencies in his story and otherwise attacking his credibility. Jones's arguments on appeal are nothing more than complaints about exactly how that impeachment should have been accomplished. Jordan admitted in guilt-stage cross-examination that many of the details he had previously given to police and his own attorney were false; Jones's defense counsel methodically went over many of these untruths. Jordan also admitted, on cross-examination, that he had previously lied about his involvement in this case to help himself out. In the punishment stage, trial counsel cross-examined Jordan again about his plea negotiations, and how he stood to gain from helping the State convict Jones.

Jones v. State, 128 P.3d 521, 546-547 (Okla. Crim. App. 2006)[2]; see also Trial Tr. VIII 193-220; Trial Tr. X 105, 108, 110-117.  Petitioner has entirely failed to demonstrate that whatever additional questions he thinks defense counsel should have asked of the witnesses would have created a reasonable probability of an acquittal.  See Strickland v. Washington, 466 U.S. 668, 695, 104 S.Ct. 2052, 2068-2069, 80 L.Ed.2d 674 (1984).  Because Petitioner

---

[2]Although Petitioner failed to present the OCCA with the specific factual allegations that he now alleges, the OCCA's finding that defense counsel cross-examined Mr. Jordan at length is still relevant to Petitioner's claim that there was one more thing that counsel should have used on cross-examination.

has not diligently sought to present the factual basis for his claims in state court, and the existing record refutes Petitioner's claims, this Court should deny his request for an evidentiary hearing. <u>Landrigan</u>, 550 U.S. at __, 127 S.Ct. at 1940.

Respectfully submitted,

**W.A. DREW EDMONDSON**
**ATTORNEY GENERAL OF OKLAHOMA**

s/Jennifer L. Strickland
**JENNIFER L. STRICKLAND, OBA# 20546**
**ASSISTANT ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921        FAX (405) 522-4534
Service email: fhc.docket@oag.state.ok.us
**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

**X**       I hereby certify that on this 23rd day of December 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark Barrett
P.O. Box 896
Norman, Oklahoma 73070
barrettlawoffice@gmail.com

s/Jennifer L. Strickland
JENNIFER L. STRICKLAND