## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JULIUS JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. CIV-07-1290-D |
| | ) | |
| MARTY SIRMONS, Warden | ) | |
| Oklahoma State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

## PETITIONER S REPLY REGARDING MOTION
## FOR EVIDENTIARY HEARING;
## BRIEF IN SUPPORT

Julius Jones, through counsel, replies to the warden s claims, in his December 23, 2008 response (Document 27), that Mr. Jones s ineffective assistance claims are unexhausted and that an evidentiary hearing otherwise is not warranted.

Mr. Jones states that he attempted to address all ineffective assistance of counsel issues in the state court requesting a comprehensive hearing encompassing the issues raised in his habeas corpus petition. The state court, however, granted an evidentiary hearing only on a narrow aspect of Mr. Jones s ineffectiveness claims the claim that trial counsel underperformed in failing to present alibi evidence.

The issues presented in the habeas petition, especially if developed through evidentiary hearing, could entitle the Petitioner to relief, particularly since the strength of the evidence is at odds with the description provided in the December 23 response.

The physical evidence linked Jordan (through a hair in a stocking cap) to the

1

offense, but did not contain any similar link to Jones.  Neither Mr. Jones s hair nor his fingerprints nor other typical forensic evidence implicated Petitioner Jones. The only arguable physical evidence connecting Petitioner to the offense was a gun found in the attic of Mr. Jones s parents residence.  It was that gun, according to Mr. Jordan s reported confessions, that Jordan planted in the attic to try to get himself off the hook and Mr. Jones on it.

Petitioner never confessed to the authorities. The persons claiming he made incriminating statements were Jordan, who was trying to make a deal from the moment authorities began questioning him, Ladell King (a likely co-perpetrator with Jordan), and friends and associates of King.

There was no eyewitness identifying Mr. Jones.  In fact, the victim s sister, Megan Tobey, provided a description that was consistent with Jordan, but not with Mr. Jones. She stated that the perpetrator had a half inch of hair protruding from his stocking cap. Mr. Jordan had enough hair to formulate such a protrusion; Mr. Jones did not.

The State s contention that Mr. Jones nevertheless would be guilty under the felony murder theory is not factually supported. It is only through the Jordan-King fabrication of events (and since Jordan admitted lying repeatedly about the events associated with the Howell homicide such fabrication is not debatable as to him) that there is evidence Mr. Jones was present at the scene of the homicide.

Ms. Tobey saw only one perpetrator.  No physical evidence connected Mr. Jones

2

with the crime scene.

Consequently, since valid ineffectiveness issues are before the Court and since the evidence developed could make a difference in the outcome of the case, the evidentiary hearing should be granted.

At a minimum, the Court should permit

1.  Testimony from Emmanuel Littlejohn and Christopher Berry and any other persons claiming to have heard Christopher Jordan confess to determine whether trial counsel was ineffective in failing to produce the confessions.  See **Earp v. Stokes,** 423 F.3d 1024, 1034-35 (9th Cir. 2005)(when there is issue as to credibility of witness, evidentiary hearing appropriate).

2.  Testimony from Christopher Jordan to address the issue of his alleged confession and to be subjected to the cross-examination that trial counsel should have conducted.

3.  Testimony from Ladell King, since evidence from Eckie Prater seems to coincide with King being a companion of Jordan on the day of the homicide and since King   who gave incorrect information about the deal he made to testify until he got caught about the deal    is also in need of being subjected to thorough impeachment.

4.  Testimony from trial counsel regarding the omissions.

5.  Testimony of an expert witness regarding the standards which should be adhered to in representation of an accused who is on trial for his life.

3

The Court should, of course, permit any additional testimony necessary to resolve the ineffective assistance of counsel issues before the Court.

## I. Summary of Legal Bases for Evidentiary Hearing

Mr. Jones has exhausted his ineffectiveness claims by alleging them in state court and by seeking a comprehensive state-court evidentiary hearing on ineffective assistance of counsel. Thus it is appropriate to take additional evidence on issues which previously have been presented to the state court. See **Vasquez v. Hillary,** 474 U.S. 254 (1986).

As to issues which tend to implicate Christopher Jordan and exonerate Mr. Jones, it would be a miscarriage of justice not to permit factual development. Mr. Jones should be permitted to produce evidence to establish that he can pass through the innocence gateway, which would potentially excuse any failure to exhaust and allow consideration of ineffective assistance issues. If, at the conclusion of the consideration of new evidence, it becomes apparent that no reasonable juror would find beyond reasonable doubt proof of guilt, any lack of exhaustion or other procedural infirmity stands as an impediment to relief. **House v. Bell,** 547 U.S. 518 (2006); **Schlup v. Delo,** 513 U.S. 298 (1995).

The Tenth Circuit has stated that an evidentiary hearing should be granted when (1) the accused has attempted to develop the record in state court and (2) the accused would be entitled to relief if the allegations are true. **Boyle v. McKune,** 544 F.3d 1132, 1134 (10th Cir. 2008).

In the present case, Mr. Jones presented material to the state court requesting a comprehensive evidentiary hearing and showing there was first, failure to present adequate material pointing toward Mr. Jordan; second, failure to adequately impeach Jordan; and third, failure to present evidence that Jordan confessed.

If evidentiary hearing evidence establishes ineffectiveness in failure to produce evidence pointing toward Jordan, Mr. Jones is entitled to relief. **United States v. Boling,** 869 F.2d 965, 972 (6th Cir. 1989).

If such a hearing establishes that trial counsel failed to impeach witnesses adequately, relief likewise is in order. **Cargle v. Mullin,** 317 F.3d 1196, 1211, 1221 (10th Cir. 2003).

Evidence that another person, who logically could have been the true perpetrator, has confessed to the crime, has been central in opening the innocence gateway and in causing the Supreme Court to determine that ineffective assistance of counsel issues should be considered on their merits. **House v. Bell,** 547 U.S. 518 (2006).

Thus, Mr. Jones has attempted to develop the ineffective assistance of counsel issues in state court and his allegations, if found to be credible and true by the Court, would entitle him to relief.  Thus, an evidentiary hearing is appropriate under **Boyle** and under related authority.

Even if some aspect of the ineffectiveness issue were deemed unexhausted, an evidentiary hearing should be granted because of the possibility that Mr. Jones can pass

through the innocence gateway.  See **House v. Bell,** 547 U.S. 518 (2006).  See also

**Thomas v. Goldsmith,** 979 F.2d 746, 749 (9th Cir.  1992)(accused entitled to attempt to

produce evidence to show the miscarriage of justice exception applicable); **Toney v.**

**Gammon,** 79 F.3d 693, 700 (8th Cir. 1996)(evidence development appropriate to enable

petitioner to attempt to prove prejudice prong of ineffective assistance claim).

## II.  Exhaustion of Ineffective Assistance Claims

Though an evidentiary hearing was granted on only a narrow part of the

ineffectiveness claim    the part relating to failure to present an alibi defense    Mr. Jones

requested an extensive evidentiary hearing encompassing all the subparts argued in the

habeas motion: (1) failing to present evidence and effective argument that the facts

pointed away from Jones and toward Christopher Jordan; (2) failing to adequately

impeach Mr. Jordan, and (3) failure to present evidence that Christopher Jordan

confessed.

In closing argument, lead defense counsel argued that the evidence pointed toward

Christopher Jordan, and not Julius Jones, as being the person who shot and killed Paul

Howell.  (Tr. X 101-02)

On appeal, Mr. Jones s lawyer claimed that trial counsel was ineffective in

presenting the defense position.  He sought an evidentiary hearing on the issue of

ineffective assistance of trial counsel.

In his  Rule 3.11 Motion to Supplement Direct Appeal Record with Attached

Exhibits and/or for an Evidentiary Hearing,  filed in Court of Criminal Appeals Case No. CF-99-4373, Mr. Jones alleged a  failure by trial counsel to use all available evidence and/or to adequately investigate to identify evidence which was available and should have been presented or otherwise utilized at trial as follows: ...  (Page 2 of Rule 3.11 Motion)

Mr. Jones repeated his claim that defense counsel failed to utilize available evidence and additionally argued that counsel was  ineffective in failing to fully and fairly subject the prosecution s evidence at trial to the crucible of meaningful adversarial testing through cross-examination.   (Page 2 of Rule 3.11 Motion)

He then stated:  An evidentiary hearing is needed to develop more precisely and exhaustively the available evidence not used and the impact of its not having been utilized.   (Page 5 of Rule 3.11 Motion)

Counsel then attached thirty-nine documents in support of the Rule 3.11 Motion. Those documents included those addressing evidence pointing toward Jordan, one addressing the fact that Jordan had confessed to Littlejohn, and some addressing the issue of failure to impeach Jordan.     Although the Rule 3.11 materials did not specifically address the issue that Ladell King was Jordan s likely co-perpetrator, under the circumstances of this case, proving the case against King is intertwined with proving that Jordan was a perpetrator. Therefore the issue regarding King also should be considered exhausted.

The importance of effective cross-examination of King was, however, mentioned

along with the need to more effectively cross-examine Jordan:

> It is my opinion that a substantial reasonable doubt of Mr. Jones s guilt, that is, whether or not he was the person who actually shot Mr. Howell during the armed robbery or was even present at the scene, would have been raised and at least a residual, lingering doubt of Mr. Jones s guilt would have been raised, during the first stage, if available witnesses (Anthony Jones, Madeline Jones, and or Antoinette Jones), and/or Mr. Littlejohn had been called to testify and/or trial counsel had fully and effectively cross-examined Christopher Jordan and Ladell King during trial.

Page 4 of Affidavit of Robin McPhail, Exhibit 9 to Rule 3.11 Motion.

The proposed evidentiary hearing evidence from Jones s family was not limited to alibi evidence, but also included evidence implicating Jordan.    For example, Madeline Jones said:

> Chris Jordan was present in our house for at least several hours on the evening of July 29, 1999. When I returned home at approximately 10:30 p.m. after taking Antonio to work, Julius told me that Chris was returning to his own home that night.    When I went to bed Chris was still present. I just assumed that Chris went home later.  Anthony made a remark to me later that night, after I had gone to bed, about the front door being unlocked and someone hiding behind Antonio s bedroom door upstairs.  I did not see Chris the next morning when I got up.

Page 1 of Affidavit of Madeline Jones, Exhibit 15 to Rule 3.11 Motion.

The Affidavit of Emmanuel Littlejohn, Exhibit 13 to Rule 3.11 Motion, also was presented in connection with the evidentiary hearing.

In the post-conviction process, the state court was encouraged to consider the additional testimony of Christopher Berry regarding Jordan having confessed to being the killer and setting up Jones.

Thus, Mr. Jones has exhausted ineffective issues involving (1) failure to produce

evidence implicating Jordan, (2) failing to impeach Jordan (and King), and (3) failing to produce evidence that Jordan confessed.

The issues have been exhausted.  Even if they had not been exhausted, the issues bear on possible creation of an innocence gateway that would allow the merits of ineffectiveness claims to be reached.

Consequently, Mr. Jones s request for an evidentiary hearing should be granted.

## III.  Conclusion

The State is incorrect in its assertions that the ineffective assistance claims are unexhausted and that the claims could not have an impact on the outcome of the case. Mr. Jones previously attempted to litigate a comprehensive ineffective assistance claim in the state Court which included the issues being presented in the habeas petition.   There is substantial evidence pointing toward Jordan and no physical evidence implicating Jones. The assertions that Jones was the shooter rest heavily on the unreliable statements of multiple felons Christopher Jordan and Ladell King.    Thus, the ineffective assistance was prejudicial to Mr. Jones.  Further, if some part of the ineffectiveness claim is unexhausted, the applicability of the innocence gateway may be established.

For the reasons set forth above, for the reasons set forth in the motion for evidentiary hearing (Document 26) , and for the reasons set forth in the state court requests for evidentiary hearing, Mr. Jones prays that the motion for evidentiary hearing be granted.

9

Respectfully submitted,

/s Mark Barrett
MARK BARRETT, OBA # 557
P.O. Box 896
Norman, OK 73070
405-364-8367; 405-366-8329(fax)
barrettlawoffice@gmail.com
ATTORNEY FOR PETITIONER

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January,  2009, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant: Jennifer L. Strickland, Assistant Attorney General, whose service email is fhc.dcoket@oag.state.ok.us.

/s/ Mark Barrett