**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JULIUS JONES, | ) |
| | ) |
|    Petitioner, | ) |
| vs. | ) Case No. CIV-07-1290-D |
| | ) |
| MARTY SIRMONS, Warden | ) |
| Oklahoma State Penitentiary, | ) |
| | ) |
|    Respondent. | ) |

**PETITIONER S REPLY REGARDING**
**PETITION FOR WRIT OF HABEAS CORPUS**

**I. Summary**

Julius Jones has demonstrated that his convictions and sentence, including a death sentence for first-degree murder, were obtained in violation of the United States Constitution. The constitutional violations went to the heart of the case.

Mr. Jones trial counsel was ineffective in presenting a basic and complete defense that another person had committed the offenses and was implicating Mr. Jones to get himself off the hook. Trial counsel failed to produce evidence that could have proven Jordan could have been, and Mr. Jones could not have been, the man with a half inch of hair sticking out from a stocking cap. Thus, trial counsel failed to show that Mr. Jones was not, but Jordan could have been the person who shot Howell.

The damage in not getting the right person implicated was amplified through counsel s failure to show the likelihood that Ladell King was the person accompanying Mr. Jordan on the day of the homicide, failing to effectively impeach Jordan s testimony,

and failing to present evidence that Jordan had confessed to both shooting Howell and hiding the gun in Jones s attic in a successful effort to focus the attention on Julius Jones.

The Respondent, while claiming both that the evidence overwhelming implicated Jones and that counsel acted reasonably, is incorrect in its claims.

In addition to there being ample reason to believe (most importantly through the evidence of the length of hair and the evidence that Jordan lied about the case repeatedly regarding critical issues) Jordan was the responsible party, there was a lack of forensic evidence implicating Mr. Jones, no Jones confession to authorities, and no eyewitness placing Jones either in the Howell neighborhood or in the company of Jordan around the time of the homicide.

To state that counsel acted reasonably would be to state that counsel can omit to present the heart of an accused s defense.  The law does not countenance defense omissions of such central importance.  See **Moffett v. Kolb,** 930 F.2d 1156, 1160-61 (7th Cir. 1991)(relief granted, on basis of ineffective assistance of counsel, when counsel failed to produce evidence contradicting prosecution theory of who the shooter was); **Williams v. Washington,** 59 F.3d 673, 681 (7th Cir. 1995)(counsel ineffective in failing to discover crime could not have happened in manner prosecution claimed).

Unconstitutional activity also affected the core second-stage decision   whether evidence in mitigation outweighed evidence in aggravation.

An element of the prosecutorial misconduct mentioned in Ground Three of the

Petition for Writ of Habeas Corpus (Document 22, p. 28) was that the prosecutor encouraged the jury to disregard mitigating evidence.

The Respondent (Document 25, p. 37) acknowledged that in **Boyde v. California**, 494 U.S. 370 (1990), the Supreme Court found no objectionable argument because the prosecutor did not tell the jury not to consider the mitigating evidence ... As Respondent suggested, the Supreme Court explicitly noted the distinction between stating mitigation evidence was insufficient and, on the other hand, stating mitigation should not be considered: although the prosecutor argued that in his view the evidence did not sufficiently mitigate Boyde s conduct, he never suggested that the background and character could not be considered. 494 U.S. at 385.

Although the Respondent correctly identifies this important legal principle, the warden fails to acknowledge or fails to discern that the prosecutor in the present case was on the unconstitutional side of the line drawn by the Supreme Court.

The prosecutor bluntly told the jury not to consider age as a mitigating factor:

> And I would submit to you that you need to go through each and every one of these mitigating factors they ve alleged to you. Stuff like he was 19. Well, let s talk about that first of all.
> *We all discussed in the voir dire section of this trial that a person s age shouldn t make a difference at all in whether or not he s acceptable to being punished for what he does.* So the fact that Mr. Jones just happens to be a 19-year-old kid at the time that he committed this murder, does that in some way reduce his level of blame for what happened? Does it extenuate the fact he murdered Paul Howell in cold blood? I would submit to you it does not.

(Tr. XV 187-88)(emphasis added).

The comments about age not only run afoul of **Boyde s** broad principle regarding suggestions that mitigation not be considered, but also are in stark violation of specific Supreme Court authority that a jury must be allowed to consider an accused s youth as mitigating factor. **Eddings v. Oklahoma,** 455 U.S. 104 (1982).

The prosecutor, moreover, did not cross the line just as to the age factor. She told the jury to ignore mitigation as a whole:

> Julius Darius Jones did not premeditate the death of Paul Howell. Does the fact that he did not premeditate the death of Paul Howell extenuate or reduce the moral culpability for the murder of Paul Howell? Does it reduce his blame? Does it extenuate the circumstances of Paul Howell s death?
> I would submit to you that you should go through every one of these and that your answer to every one will be no. That there is nothing that could extenuate the manner and the circumstances in which Paul Howell was murdered. That all of the things that Mr. Jones may have done while he was in high school, even if we accept as a given that he has been the greatest kid in the world while he was in high school, how does any one of those things, being president of the O Club, teaching children in Sunday school, working at LaPetite Academy, any of the things he alleges are extenuating, how could any one of those ever extenuate the manner and the reason for which Mr. Howell was killed? I submit none of them can.
> ***These are all events that occurred well before Mr. Howell was murdered. And so how can you extenuate what you ve done before it was ever done? I suspect that what they re saying to you is that somehow you can do enough good things in your life that you can do anything bad and it will extenuate that. I would submit to you that that is not the case.***

(Tr. XV 188-89)

Thus, it is apparent that regardless of Respondent s positions, constitutional infirmities exist which go to the core of the jury s determinations in both the guilt-innocence and punishment phases.

Because of ineffective assistance, there was no reliable determination of whether it was Mr. Jones or Mr. Jordan who was the person who shot Paul Howell.

Because of unconstitutional prosecutorial misconduct, jurors likely gave inadequate consideration, or no consideration at all, to Mr. Jones's evidence in mitigation.

Consequently, the writ of habeas corpus should be granted as to both the guilt-innocence and punishment phases of the case.

Other constitutional errors warranting relief also existed. Those errors, and the Respondent's comments regarding those errors will be further addressed below.

**II.  Ineffective Assistance Issues Have Been Exhausted and Warrant Relief**

**A.  Exhaustion of Issues Regarding Failing to Produce Evidence Implicating Jordan and Failure to Impeach Jordan**

The Respondent has claimed that most of Petitioner's Ground One ineffective assistance issues have not been exhausted.

However, appellate counsel, in state court, sought a comprehensive evidentiary hearing on ineffective assistance of counsel. Rule 3.11 Motion to Supplement Direct Appeal Record with Attached Exhibits and/or for an Evidentiary Hearing. Mr. Jones's attorney claimed there was a "failure by trial counsel to use all available evidence and/or to adequately investigate to identify evidence which was available and should have been presented or otherwise utilized at trial as follows: ..." (Page 2 of Rule 3.11 Motion)

Counsel specifically mentioned "lack of meaningful adversarial testing through cross-examination," (page 2 of Rule 3.11 Motion), failure to effectively cross-examine

Christopher Jordan and Ladell King in particular (Exhibit 9, p.4 of Rule 3.11 motion), failure to produce evidence that Jordan confessed (Exhibit 13 to Rule 11 motion), and the omission of evidence implicating Christopher Jordan. See p. 1 of Exhibit 15 to Rule 3.11 motion.

Evidence implicating Ladell King as Jordan's accomplice necessarily would be evidence implicating Jordan. Therefore counsel's failure to produce evidence implicating King and showing that King was with Jordan on the morning of the homicide was part and parcel of the ineffective assistance in failing to effectively point the finger toward Mr. Jordan.

Since the issues have been framed in state court and since Mr. Jones diligently sought an evidentiary hearing on ineffective issues in state court, the issues have been exhausted. Expansion of the same general issues relied upon in state court is appropriate in a federal habeas case. **Vasquez v. Hillary,** 474 U.S. 254 (1986). See **Boyle v. McKune,** 544 F.3d 1132, 1334 (10th Cir. 2008)(Court looks to whether there was diligent effort to develop record in state court and whether the accused's allegations, if they are true, could entitle him to relief); **Kenley v. Armontrout,** 937 F.2d 1298, 1302-03 (8th Cir. 1991)("We may review claims as long as they are closely related to claims presented to the lower courts, but we have required at least an 'arguable factual commonality.'")(citations omitted).

Even if some portion of the Ground One ineffectiveness claim were not exhausted,

Mr. Jones is entitled to raise the issues because his facts, if correct, can lead to a showing that Mr. Jones is innocent and Mr. Jordan is instead the guilty party. **House v. Bell,** 547 U.S. 518 (2006); **Schlup v. Delo,** 513 U.S. 298 (1995). The habeas petitioner need not have innocence proved at the time he files his petition. It is sufficient if development of facts may show innocence. **Thomas v. Goldsmith,** 979 F.2d 746, 749 (9th Cir. 1992). See **Toney v. Gammon,** 79 F.3d 693, 700 (8th Cir. 1996).

### B. Impact of Issues on Trial

Failure to produce evidence pointing toward another suspect **United States v. Boling,** 869 F. 2d 965, 972 (6th Cir. 1989) and failure to effectively cross-examine a critical witness **Cargle v. Mullin,** 317 F.3d 1996, 1211, 1221 (10th Cir. 2003) can warrant relief based on ineffective assistance of counsel.

The manner in which trial counsel's deficits destroyed Mr. Jones's right to a constitutionally adequate trial is described in part in the that attorney's affidavit. Document 22, Appendix 8.

### C. Ineffective Assistance in Regard to Search of Jones Residence

At the time the search warrant was issued, the magistrate was led to believe that Julius Jones was in the house that was to be searched. Authorities received information that Jones was gone before searching the house but neither informed the judge of the new information nor stopped the effort to search the house.

The record establishes that the basis for the search was false.

Although Respondent now claims there was sufficient basis for a warrant without the evidence that Julius Jones was present, a review of the affidavit reflects no such additional evidence.

The fact that Julius Jones stayed at the house certainly was not sufficient information to result in probable cause to believe the house should be searched. **United States v. Gramlich,** 551 F.2d 1359 (5th Cir. 1977); **United States v. Lockett,** 674 F.2d 843 (11th Cir. 1982).

Thus, there was either false information or no information to support the warrant. Trial counsel was ineffective in failing to show the defects and getting the all-important evidence of a gun    found in an attic pursuant to that warrant    suppressed. See **Kimmelman v. Morrison,** 477 U.S. 365, 375 (1986).

**III.   Claims Regarding Development of Issues**

At various points in the Response, e.g. p. 32, the warden has cited to a rule of appellate procedure and an unpublished case to assert that a claim should be considered because not developed extensively enough or because not supported by specific authority.

This is not an appeal, so the rule of appellate procedure does not apply. An unpublished decision also is not an adequate basis for refusing to consider a claim.

The habeas form provided by the Western District tells petitioners to develop  facts  and only  briefly.    Further, petitioners are told to  state briefly without citing cases or law.   Forms, Western District of Oklahoma.

Thus, the Respondent s position not only is not supported by authority, but is also at odds with the form provided by the Western District.

**Conclusion**

For the reasons just stated, and for the reasons stated in the Petition for Writ of Habeas Corpus, Julius Jones was unconstitutionally convicted and sentenced. A writ of habeas corpus should be granted.

.

        Respectfully submitted,

        /s Mark Barrett
        MARK BARRETT, OBA # 557
        P.O. Box 896
        Norman, OK 73070
        405-364-8367; 405-366-8329(fax)
        barrettlawoffice@gmail.com
        ATTORNEY FOR PETITIONER

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of January, 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant: Jennifer L. Strickland, Assistant Attorney General, whose service email is fhc.dcoket@oag.state.ok.us.

        /s/ Mark Barrett

9