IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIUS JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| -vs- ) | Case No. CIV-07-1290-D |
| ) | |
| RANDY WORKMAN, Warden, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S SUPPLEMENTAL BRIEF**

In his Amended Habeas Petition, Petitioner raised a number of claims that his trial and appellate attorneys were ineffective. Respondent reasserts the arguments made in the Response in Opposition to Petition For Writ of Habeas Corpus. However, Respondent also wishes to provide this Court with new, additional authority pursuant to Rule 15(d) of the Rules of Federal Civil Procedure.

In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth the familiar standard a defendant must meet to raise a successful ineffective assistance of counsel claim. A defendant seeking relief based on ineffective assistance of counsel must prove that counsel's performance was deficient and that his defense was prejudiced by that performance. Strickland, at 687, 104 S.Ct. at 2064. This standard was designed to be difficult to meet, even under *de novo* review. Harrington v. Richter, --- S.Ct. ---, 2011 WL 148587, *13 (Jan. 19, 2011). However,

> [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly

> deferential, and when the two apply in tandem, review is doubly so. The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Richter, at *13 (internal citations and quotation marks omitted).

Thus, this Court must "determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." Richter, at *11. Even a strong case for relief on *de novo* review does not necessitate a finding that the state court's decision was unreasonable. Id. The purpose of section 2254(d) is to preserve the authority of federal courts to issue a writ of habeas corpus only in cases in which there is no possibility that fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents. Id. at *12. Accordingly, in this case, the Oklahoma Court of Criminal Appeals' decision must be given "double" deference.

In the past, the Supreme Court has held that if a state court denies a Strickland claim based solely on one element of the test, and fails to reach the other element, a federal court reviewing the state court's decision reviews the element that was not reached *de novo*. Rompilla v. Beard, 545 U.S. 374, 390, 125 S.Ct. 2456, 2467-2468, 162 L.Ed.2d 360 (2005); Wiggins v. Smith, 539 U.S. 510, 534, 123 S.Ct. 2527, 2542, 156 L.Ed.2d 471 (2003).

2

However, Richter appears to have implicitly overruled Rompilla and Wiggins in that respect. The first question presented to the Court in Richter was whether section 2254(d) applies to summary opinions which contain no explanation of the basis for the court's denial of relief. Richter, at *8. The Court held as follows:

> By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. And as this Court has observed, a state court need not cite or even be aware of our cases under § 2254(d). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. *This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated*.

Richter, at *8 (internal citations omitted) (emphasis added).

In Strickland, the Supreme Court encouraged appellate courts to deny ineffective assistance of counsel claims on only one element where possible. Strickland, at 697, 104 S.Ct. at 2069. When the Oklahoma Court of Criminal Appeals follows the Supreme Court's advice, it is undoubtedly ruling on the merits of Petitioner's Strickland claim. There is no principled reason to apply section 2254(d) to summary opinions, a number of which are undoubtedly based on an analysis of only one element of the claim, but not to cases in which

the state court conducted a more detailed analysis of one of the elements without discussing the other. As the Supreme Court recognized, section 2254(d) requires deference to a state court's adjudication of a *claim* or *decision*, not to components of claims. Richter, at *8. Accordingly, this Court should hold that a habeas petitioner's ineffective assistance claim must fail unless he can establish that fairminded jurists could not disagree that the arguments or theories that supported or "*could have supported*," the state court's decision are inconsistent with Supreme Court precedents, regardless of whether the state court reached both elements of the Strickland test. See Richter, at *11.

Finally, not only did the Supreme Court discuss the way in which federal courts are to analyze Strickland claims in habeas cases, the decision in Richter also informs this Court's analysis of any claims that are not subject to section 2254(d) because the Oklahoma Court of Criminal Appeals did not consider them on their merits. When Strickland was decided, the Supreme Court recognized the danger that "intrusive post-trial inquiry into attorney performance" could "encourage the proliferation of ineffectiveness challenges. Criminal trials resolved unfavorably to the defendant would increasingly come to be followed by a second trial, this one of counsel's unsuccessful defense." Strickland, at 690, 104 S.Ct. at 2066.

Since that time there have, in fact, been a proliferation of ineffectiveness challenges. In Richter, the Supreme Court has chosen to again emphasize that

> Surmounting Strickland's high bar is never an easy task. An ineffective-assistance claim can function as a way to escape

> rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.

Harrington v. Richter, --- S.Ct. ---, 2011 WL 148587, *13 ( Jan. 19, 2011) (internal citations and quotation marks omitted).  Further, "while in some instances even an isolated error can support an ineffective-assistance claim if it is sufficiently egregious and prejudicial, it is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy."  Richter, at *17 (internal citations and quotation marks omitted).

With respect to the prejudice prong of Strickland, the Court clarified that:

> In assessing prejudice under Strickland, *the question is not* whether a court can be certain counsel's performance had no effect on the outcome or *whether it is possible a reasonable doubt might have been established if counsel acted differently*. Instead, Strickland asks whether it is *reasonably likely* the result would have been different. *This does not require a showing that counsel's actions more likely than not altered the outcome, but the difference between* Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters only in the rarest case.  The likelihood of a different result must be substantial, not just conceivable.*

Harrington v. Richter, --- S.Ct. ---, 2011 WL 148587, 18 (January 19, 2011) (internal citations and quotation marks omitted) (emphasis added).

In the case at hand, there can be no question that counsel's overall performance indicates active and capable advocacy. The isolated allegations of error posed by Petitioner were shown in the response to be meritless. However, even if the alleged errors did have merit, Petitioner has failed to succeed at the difficult task of demonstrating that there is no reasonable argument that counsel satisfied Strickland's deferential standard. Further, as was explained in the response, Petitioner has failed to establish a substantial likelihood of a different result. As such, Petitioner's ineffective assistance of counsel claims must be denied.

## **CONCLUSION**

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Richter, at *12. Petitioner has not made this showing. As such, Petitioner is not entitled to a writ of habeas corpus on his ineffective assistance of counsel claim.

Respectfully submitted,

s/Jennifer L. Strickland
**JENNIFER L. STRICKLAND, OBA# 20546**
**ASSISTANT ATTORNEY GENERAL**
313 NE 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921      FAX (405) 522-4534
Service email: fhc.docket@oag.state.ok.us
**ATTORNEY FOR RESPONDENT**

## CERTIFICATE OF SERVICE

**X**      I hereby certify that on this 4th day of February, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark Barrett
P.O. Box 896
Norman, Oklahoma 73070
barrettlawoffice@gmail.com

s/Jennifer L. Strickland
JENNIFER L. STRICKLAND