IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIUS JONES, | ) |
| | ) |
|     Petitioner, | ) |
| vs. | ) Case No. CIV-07-1290-D |
| | ) |
| RANDALL WORKMAN, Warden | ) |
| Oklahoma State Penitentiary, | ) |
| | ) |
|     Respondent. | ) |

## PETITIONER'S RESPONSE TO SUPPLEMENTAL AUTHORITY

At the outset of the new decision, which has been highlighted by Respondent Workman, Justice Kennedy wrote:

> The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law. Judges must be vigilant and independent in reviewing petitions for the writ, a commitment that entails substantial judicial resources.

**Harrington v. Richter,** 131 S.Ct. 770, 780 (2011).

The Court reversed the Ninth Circuit's grant of a writ of habeas corpus and reiterated the need for deference to some state court rulings. However, the Court, in addition to its opening reference to the stature of the writ, re-acknowledged that ineffective assistance relief should be granted when '[t]he likelihood of a different result ... [is] substantial." **Id.** at 792.

Thus, under the Supreme Court's recent decision (as was the case under its past decisions), whether relief is warranted depends on the facts of the case. The test under **Strickland v. Washington,** 466 U.S. 668, 693 (1984), and under the same principle repeated in the recent case, **Richter** at 792, is whether it is "reasonably likely" the result would have been different if counsel had performed competently. In **Richter,** the Court added that the possibility of a different result should be "substantial, not just conceivable." **Id.**

In his supplemental brief, Respondent does not compare the ineffective assistance principles he sets out with the facts of Julius Jones's case.

At Petitioner Jones's trial, there was one central witness, Chris Jordan, to implicate Mr. Jones as the shooter of Paul Howell and to describe Jones's alleged activities in planning and carrying out a robbery/murder.  As trial counsel acknowledged , Appendix 8, p. 7 to Mr. Jones's petition for writ of habeas corpus, it would have had far more than a speculative impact on the case if counsel had produced the evidence showing that   (1) Jordan was the person whose description matched that of the shooter, and (2) Jordan had repeatedly and routinely changed his story to conform to the suggestions of authorities.

In **Richter,** there were valid reasons for trial counsel not to perform the forensic testing in question, **id.** at 789-90, and a strong prosecution case apart from the prosecution's serological evidence.  **Id.** at 792.  On the other hand, in Petitioner Jones's case, there was no possible strategic reason for omitting the persuasive photographic evidence regarding hair length or for neglecting the evidence of Jordan's repeated invention of lies and new lies, with Jordan's changes being based on nothing except Jordan's own self-interest.

Furthermore, in the present case, the omitted evidence appears to be decisive of who the shooter was and decisive of whether Jordan's testimony as a whole should be discounted.  Thus, contrary to **Richter,** where the omitted evidence had doubtful impact on the outcome, Mr. Jones's case is one where, if counsel had performed adequately, there would likely have been a different result.  It would have appeared not only that Jordan was making everything up, but also that he personally killed Mr. Howell.

This factual distinction between the **Richter** case and Mr. Jones's case is ignored by the

Respondent.

The Respondent also misses the mark in implying that the Supreme Court has now placed ineffective assistance relief in some nether world where such relief is theoretically attainable, but not realistically available. **Richter** made no such pronouncement. The case did say that ineffective assistance standards are difficult for a petitioner to meet. However, that provision of law is not new, and, as stated, the discussions of the hurdles which must be surmounted were tempered by acknowledgment of the important role of the writ and restatement of the appropriateness of granting ineffective assistance relief when the likelihood of a different result is substantial.

The arguably new principle announced in **Richter** is that a state court can make a decision on the merits when it issues a summary ruling. **Id.** at 784-85. The Respondent does not identify any claims in the present case which would be affected by the **Richter** ruling on state court summary decisions.

Also, again, the Respondent has failed to mention any facts of Mr. Jones's case which would be subject to different treatment after **Richter** than they would have received before **Richter.**

Accordingly, the supplemental brief of Respondent does not state a basis for denying Mr. Jones's petition for writ of habeas corpus.

As was and is the case before and after **Richter,** this Court should grant Julius Jones's relief on the basis of his counsel's failure to present persuasive evidence showing the prosecution's central witness to be a serial prevaricator and a match to the description of the murderer.

Other bases for relief also are presented in Mr. Jones's petition.

                          Respectfully submitted,

                          /s/ Mark Barrett
                          MARK BARRETT, OBA # 557
                          P.O. Box 896
                          Norman, OK 73070
                          405-364-8367; 405-366-8329(fax)
                          barrettlawoffice@gmail.com
                          ATTORNEY FOR PETITIONER

## CERTIFICATE OF SERVICE

     I hereby certify that on the 17th day of February, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant: Jennifer L. Strickland, Assistant Attorney General, whose service email is fhc.dcoket@oag.state.ok.us.

                          /s/ Mark Barrett
                          MARK BARRETT