IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

JULIUS JONES,                            )
                                         )
     Petitioner,                      )
                                         )
vs.                                      )     Case No. CIV-07-1290-D
                                         )
ANITA TRAMMELL, Warden,                  )
    Oklahoma State Penitentiary,         )
                                         )
    Respondent.                          )

## O R D E R

Before the Court is Petitioner's *Motion for Evidentiary Hearing and Brief in Support*. In his Motion, Petitioner requests an evidentiary hearing regarding the first ground for relief in his Petition – that trial counsel was ineffective for failing to produce evidence supporting the claim that Petitioner's co-defendant was the person who committed the murder and that another individual other than Petitioner was the accomplice. Respondent responds that Petitioner's request is procedurally barred, not authorized by federal law, and/or fails to demonstrate that the allegations, if true, would entitle him to relief.

Petitioner's request for an evidentiary hearing is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254(e)(2) states:

(2) If the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that - -

(A) the claim relies on - -

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The first step in deciding whether an evidentiary hearing is warranted is to determine whether Petitioner failed "to develop the factual basis" of his claims in state court. Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249, 1253 (10th Cir. 1998); 28 U.S.C. § 2254(e)(2). According to Miller, if "a habeas petitioner has diligently sought to develop the factual basis underlying his habeas petition, but a state court has prevented him from doing so, § 2254(e)(2) does not apply." Miller, 161 F.3d at 1253. In other words, if a petitioner diligently sought an evidentiary hearing in state court and his request was denied, the petitioner cannot be deemed to have "failed to develop the factual basis" of the claims. Miller, 161 F.3d at 1253.

According to Miller, if Petitioner did not fail to develop the factual basis of these claims in state court, Petitioner's request for an evidentiary hearing must be governed by pre-AEDPA standards. Miller, 161 F.3d at 1253. Under the pre-AEDPA standards, Petitioner "is entitled to receive an evidentiary hearing so long as his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." Id. (citing Medina v. Barnes, 71 F.3d 363, 366 (10th Cir. 1995)).

Here, the parties dispute whether Petitioner failed to develop the factual basis of his

claims in state court and/or whether those claims are procedurally barred from habeas review. If Petitioner has indeed failed to develop these claims in state court, he has not demonstrated any of the exceptions of § 2254(e)(2) in order to entitle him to an evidentiary hearing. He does not assert any of his claims rely on either a new rule of constitutional law retroactively applicable to his case, or that the factual predicates could not have been previously discovered through the exercise of due diligence.

In the first ground for relief set forth in his Petition, Petitioner claims his trial counsel was ineffective for failing to: (1) show the jury that Petitioner's hair was too short for him to be the person identified by Megan Tobey as the one who shot Mr. Howell; (2) argue that Ladell King, and not Petitioner, was most likely the one seen earlier in the day with Christopher Jordan; (3) present evidence of Mr. Jordan's confessions to the crime; and (4) demonstrate to the jury Mr. Jordan's pattern of falsehoods. As to Petitioner's first two claims, the Court has determined after thorough review of the pleadings and state court record that those claims are unexhausted and would be procedurally barred if allowed to be presented to the State court. Accordingly, an evidentiary hearing on those issues would be inappropriate:

> Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so. Provisions like §§ 2254(d)(1) and (e)(2) ensure that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."

Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388 (2011)(citations omitted).

As to the remaining two claims contained in Petitioner's first ground for relief,

Petitioner attempted to raise with the State court identical or closely related claims. These claims were thoroughly considered by the Oklahoma Court of Criminal Appeals (OCCA) on appeal and on post-conviction review. Since Petitioner did not fail to raise the factual bases of these claims in State court, he is entitled to an evidentiary hearing so long as his allegations, if true and not contravened by the existing factual record, would entitle him to relief. A thorough review of Petitioner's claims and the proposed evidence does not convince the Court that Petitioner has demonstrated trial counsel's actions or omissions constitute ineffective assistance, or that the OCCA's determination was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Petitioner has not demonstrated, therefore, that this evidence would entitle him to relief.

ACCORDINGLY, Petitioner's *Motion for an Evidentiary Hearing and Brief in Support* (Dkt. No. 26) is DENIED.

IT IS SO ORDERED this 22nd day of May, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE