IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIUS JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-07-1290-D |
| | ) |
| ANITA TRAMMELL, Warden, | ) |
| Oklahoma State Penitentiary, | ) |
| | ) |
| Respondent. | ) |

# ORDER DENYING A
# CERTIFICATE OF APPEALABILITY

Petitioner, a state prisoner appearing through counsel seeking relief from the death penalty, filed his *Petition for Writ of Habeas Corpus* (hereinafter "Petition"). On this date, relief was denied as to each ground in the *Memorandum Opinion*, and *Judgment* was issued. Pursuant to Rule 11(a) of the *Rules Governing Habeas Corpus Cases Under Section 2254* the Court issues this Certificate of Appealability.

The Court recognizes that "review of a death sentence is among the most serious examination any court of law ever undertakes." Brecheen v. Reynolds, 41 F.3d 1343, 1370 (10th Cir. 1994), cert denied, 515 U.S. 1135 (1995). To be granted a certificate of appealability, Petitioner must demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253 (c)(2); Fed. R. App. P. 22. The applicable portions of § 2253 state:

> (c)(1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C.A. § 2253(c).

The Supreme Court has explained this standard, stating that "[w]here the district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). See also Tillman v. Cook, 215 F.3d 1116, 1120 (10th Cir. 2000).

> Obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)(citations omitted).

> Consistent with our prior precedent and the text of the habeas corpus statute, we reiterate that a prisoner seeking a COA need only demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

Miller-El v. Cockrell, 537 U.S. 322, 326 (2003).

In the *Memorandum Opinion*, each of Petitioner's eight (8) grounds for relief were reviewed and the Court found that none warranted habeas relief. Based upon this Court's

review of all the grounds for relief contained in the Petition, and based upon the rationale and the reasons stated in the *Memorandum Opinion*, the Court finds that none of these issues are debatable among jurists of reason; no court could resolve the issues in a different manner; and the questions presented in those grounds for relief are not adequate to deserve encouragement to proceed further.  Barefoot, 463 U.S. at 893 n. 4.

Therefore, the Court DENIES a Certificate of Appealability as to all grounds for relief contained in the *Petition*.

IT IS SO ORDERED this 22nd day of May, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE