**FILED**
United States Court of Appeals
Tenth Circuit

**February 10, 2017**

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re: JULIUS DARIUS JONES,

        Movant.

No. 17-6008
(D.C. No. 5:07-CV-01290-D)
(W.D. Okla.)

_____

**ORDER**

_____

Before **TYMKOVICH**, Chief Judge, and **KELLY**, Circuit Judge.[*]

_____

**PER CURIAM**.

_____

Movant Julius Darius Jones, an Oklahoma prisoner proceeding through counsel, seeks an order authorizing him to file a second or successive capital habeas petition under 28 U.S.C. § 2254 so he may assert a claim for relief based on *Hurst v. Florida*, ___ U.S. ___, 136 S. Ct. 616 (2016). *See* 28 U.S.C. § 2244(b)(3). To obtain authorization, Jones must make a prima facie showing that his claim meets the gatekeeping requirements of 28 U.S.C. § 2244(b). *Id.* § 2244(b)(3)(C); *Case v.*

---

[*] The Honorable Neil Gorsuch considered this Motion for Authorization originally, but did not participate in this Order. The practice of this court permits the remaining two panel judges, if in agreement, to act as a quorum in resolving this proceeding. *See* 28 U.S.C. § 46(d); *United States v. Wiles*, 106 F.3d 1516, 1516 n* (10th Cir. 1997) (quorum of panel judges may resolve an appeal) (collecting cases); *In re Gibbs*, 223 F.3d 312, 313 (5th Cir. 2000) (quorum of panel of judges may resolve a motion for authorization).

*Hatch*, 731 F.3d 1015, 1027-29 (10th Cir. 2013). Because Jones has not done so, we deny authorization.

Jones was convicted in 2002 of felony murder and sentenced to death. The judgment and sentence were affirmed on direct appeal in 2006, and his subsequent application for state post-conviction relief was denied. Jones filed a federal habeas petition in 2007 challenging his conviction and sentence on grounds of ineffective assistance of trial and appellate counsel. The district court denied relief in 2013, and this court ultimately affirmed the denial in 2015. The Supreme Court denied certiorari in October 2016. Jones now seeks authorization to file a second § 2254 petition so that he can assert the following claim: his sentence of death violates the Fifth, Sixth, Eighth, and Fourteenth Amendments because the jury in his case was not instructed that it had to find beyond a reasonable doubt that the aggravating circumstances outweighed the mitigating circumstances before it could impose a sentence of death.

We may authorize a successive claim when "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). Jones contends that *Hurst* sets forth such a rule. He asserts that the Supreme Court in *Hurst* "announced, for the first time, that the weighing decision underlying a sentence of

death, must be found by a jury beyond a reasonable doubt." Mot. for Authorization at 2.[1] And he contends that "*Hurst* also warrants retroactive application." *Id.* at 3.[2]

Assuming for the sake of argument that *Hurst* announced a new rule of constitutional law about the weighing decision, we turn to the question of retroactivity. Jones argues that "*Hurst* warrants retroactive application," Mot. for Authorization at 3, because it fits an exception to the general rule against retroactive application of new procedural criminal rules set forth in *Teague v. Lane*, 489 U.S. 288, 310 (1989). Jones first contends that the new rule he identifies is a substantive rule of criminal law, which is entitled to retroactive application, *Welch v. United States*, ___ U.S. __, 136 S. Ct. 1257, 1264 (2016) ("[N]ew *substantive* rules generally apply retroactively." (internal quotation marks omitted)). Alternatively, he argues that if it is a procedural rule, it is a watershed procedural rule, which is also entitled to retroactive application, *id.* ("[W]atershed rules of criminal procedure, which are

---

[1] All references to pages within the Motion for Authorization and its attached exhibits are to the page number in the ECF header on the filed document.

[2] To meet the gatekeeping requirements, Jones's claim also must not have been presented in an earlier federal habeas petition. *See* 28 U.S.C. § 2244(b)(1), (2). In its response to Jones's motion, the government argues that Jones has previously raised his proposed claim because in his first habeas petition he contended that his appellate counsel was ineffective for failing to argue that it was constitutional error for the trial court not to instruct the jury that its determination of whether the aggravating circumstances outweigh the mitigating circumstances must be found beyond a reasonable doubt. We need not decide whether, for purposes of § 2244(b), raising a claim of ineffective assistance of counsel based on an underlying constitutional error equates to raising a claim based on the underlying constitutional error itself, because we conclude that Jones's claim does not otherwise meet the gatekeeping requirements.

procedural rules implicating the fundamental fairness and accuracy of the criminal proceeding, will also have retroactive effect." (internal quotation marks omitted)).

But as we made clear in *In re Gieswein*, 802 F.3d 1143 (10th Cir. 2015) (per curiam), and *Cannon v. Mullin*, 297 F.3d 989 (10th Cir. 2002), whether, in *our* view, a new rule warrants retroactive application under *Teague* and its progeny is not the proper inquiry for purposes of § 2244(b)(2)'s gatekeeping requirements. Under § 2244(b)(2)(A), "the Supreme Court is the only entity that can 'ma[k]e' a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). "[T]he only way [the Supreme Court] could make a rule retroactively applicable is through a 'holding' to that effect." *Cannon*, 297 F.3d at 993 (10th Cir. 2002) (quoting *Tyler*, 533 U.S. at 663); *accord Gieswein*, 802 F.3d at 1146. The Supreme Court has not held that its decision in *Hurst* is retroactively applicable to cases on collateral review.

Jones's invitation to us to find *Hurst* retroactively applicable not only ignores our clear precedent in *Cannon* and *Gieswein*, but relies on authority from the Seventh Circuit[3] that we have explicitly rejected. "It is clear that the mere fact a new rule

---

[3] Though he does not identify it as a Seventh Circuit case, Jones cites *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015), as support for his statement that "[i]f a new rule is substantive in nature, the Supreme Court does not have to explicitly declare it to be retroactive because the general rule is that substantive rules should be given retroactive effect." Mot. for Authorization at 4. We rejected *Price*'s
(continued)

*might* fall within the general parameters of overarching retroactivity principles established by the Supreme Court (i.e., *Teague*) is not sufficient." *Cannon*, 297 F.3d at 993. "[I]n the context of deciding a motion for authorization, it is not this court's task to determine whether (or not) a new rule fits within one of the categories of rules that the Supreme Court has held apply retroactively. Our inquiry is statutorily limited to whether the Supreme Court *has made* the new rule retroactive to cases on collateral review." *Gieswein*, 802 F.3d at 1146 (citation omitted).

Jones insists in his reply that *Hurst* announced a new rule of substantive law, which, by its very nature, is retroactively applicable. But the Supreme Court has not held that *Hurst* announced a substantive rule, and it is not our role to do so in the first instance in deciding a motion for authorization. As the Supreme Court explained in *Tyler*, it is unlikely that a court of appeals could decide within the thirty days allotted it under § 2244(b)(3)(D) whether a motion for authorization made the required prima facie showing "if [the court] had to do more than simply rely on Supreme Court holdings on retroactivity. The stringent time limit thus suggests that the courts of appeals do not have to engage in the difficult legal analysis that can be required to determine questions of retroactivity in the first instance." 533 U.S. at 664. Because

---

approach in *Gieswein* precisely because the Seventh Circuit decided for itself that the new rule at issue was substantive and therefore qualified for retroactive application under the Supreme Court's general retroactivity principles. 802 F.3d at 1148. "Our sister circuit did what we have said we cannot do . . . ." *Id.* Whether Jones's failure to include the court designation in his citation to *Price* or to acknowledge our rejection of that decision was intentional or merely sloppy, neither is acceptable practice before this court.

the Supreme Court has not held its decision in *Hurst* to be retroactively applicable to cases on collateral review, Jones cannot meet the requirements of § 2244(b)(2)(A) necessary for authorization of his proposed claim.

The Motion for Authorization is therefore denied.  This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  28 U.S.C. § 2244(b)(3)(E).  The Federal Public Defender for the District of Arizona is appointed to represent Julius Darius Jones pursuant to 18 U.S.C. § 3006A(a)(2)(B) effective nunc pro tunc to the date the Motion for Authorization was filed in this court.

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
## OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker　　　　　　　　February 10, 2017　　　　　　　　Chris Wolpert
Clerk of Court　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Deputy Clerk

Mr. Dale A. Baich
Amanda Bass
Office of the Federal Public Defender for the District of Arizona
850 West Adams Street
Suite 201
Phoenix, AZ 85007

Ms. Jennifer L. Crabb
Office of the Attorney General for the State of Oklahoma
313 N.E. 21st Street
Oklahoma City, OK 73105

**RE:**　　**17-6008, In re: Jones**
　　　　　Dist/Ag docket: 5:07-CV-01290-D

Dear Counsel:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

　　　　　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　　　　　*Elisabeth A. Shumaker*

　　　　　　　　　　　　　　　　　　　　　　　Elisabeth A. Shumaker
　　　　　　　　　　　　　　　　　　　　　　　Clerk of the Court

EAS/pj